The opinion of the court was delivered by
Spencer, J.
This case was before this court in March, 1876, and is reported in 28 An. 312.
On filing the mandate of this court in the court below (to wit, Third District Court, to which the records of the late Superior District Court had been transferred) the defendant filed as peremptory exceptions :
Eirst — That the court is without jurisdiction to annul and set aside the proceedings and j udgments of the Sixth District Court and to annul the sale thereunder, or to perpetuate the injunction.
Second — Proper parties to the suit have not been made.
The judge of the Third District Court sustained these exceptions and dismissed plaintiffs’suit, and they appeal. The sole question before us is as to the correctness of that ruling.
There is no dispute that the Third Distriet Court is tlie successor of the Superior District Court, and therefore has the same right of jurisdiction in this case as had the latter. The case must therefore be treated just as though still pending in the Superior Court. Now one of the principal questions raised and decided by this court, in 28 An. 312, was as to whether the Superior District Court had jurisdiction to annul what was contended to be decrees and proceedings of the Sixth Court. This ■court decided that it did have jurisdiction, and remanded the case to be proceeded with therein. We do not wish to be understood as approving that decision, either on that or other points discussed therein. But it has been adjudged that the Superior Court, and therefore its successor, had jurisdiction; and it is not permissible for the same party in the same court to call again in question the same matter. Otherwise, there never could be an end of lawsuits where the lower court differed in opinion with the appellate court, and was inclined to adhere to its own. views. The cause could, in such circumstances, be bandied about from the one court to the other any number of times upon the identical same question. Interest reipublicce ut sit finis litium. We can not, *340 therefore, nor could the lower court, re-open or re-examine that question.
Second — Of course John Kirwin and Kate Kirwin have no authority or mission from the law to represent their minor brothers and sisters or their insane mother, unless they have been appointed tutors to former and curators of the latter; which they do not pretend to have been. But the petition purports to be, not only that of John and Kate Kirwin in their own behalf and in behalf of their minor brothers and sisters and mother, but also that of the mother individually and as tutrix of the said minor children.
It seems to us, therefore, that all necessary parties are before the court, if the petition be taken as true, which for the purposes of this case must be done.
The judgment appealed from is therefore reversed, and this cause remanded to'be proceeded with according to law, appellee paying costs of appeal.